

**ORDERED in the Southern District of Florida on October 23, 2008.**

_____
**Robert A. Mark, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.  08-11761-RAM |
| **BEACH HOUSE PROPERTY, LLC,** | Chapter 11 |
|     Debtor-in-Possession. | |
| _____/ | |
| **BANKFIRST**, a South Dakota State Bank, | |
|     Plaintiff, | **Adv. No. 08-01213-RAM** |
| v. | |
| **SONEET R. KAPILA, as Chapter 11 Trustee of the bankruptcy estate of BEACH HOUSE PROPERTY, LLC**, a Delaware limited liability company; **STORETECH, INC.**; **PRODIGY INTERNATIONAL DEVELOPMENT SALES, LLC**; **MIAMI-DADE COUNTY TAX COLLECTOR**; **GRYPHON CONSTRUCTION, LLC**; and **FLORIDA DEMOLITION, INC.**, | |
|     Defendants. | |
| _____/ | |

**AGREED FINAL JUDGMENT**

Case No.08-11761-RAM
Adv. No. 08-01213-RAM

On March 24, 2008, the Plaintiff, BANKFIRST, a South Dakota State Bank **("BankFirst")** initiated the above-styled adversary proceeding **("Adversary Proceeding")** by filing a Complaint **("Complaint")** (CP #1) against the Debtor BEACH HOUSE PROPERTY, LLC **("Debtor")**,[1] the MIAMI-DADE COUNTY TAX COLLECTOR **("Tax Collector")**, FLORIDA DEMOLITION, INC. **("Florida Demolition")**, PRODIGY INTERNATIONAL DEVELOPMENT SALES, LLC **("Prodigy")**, GRYPHON CONSTRUCTION, LLC **("Gryphon")**, AND STORETECH, INC. **("Storetech")**. The Complaint seeks this Court's determination of the validity, priority and amount of BankFirst's Liens upon all of the Debtor's real and personal property as of February 15, 2008 **("Petition Date")**.

The legal description of the Debtor's real property is as follows:

> Lots 4, 5, 6, and 7, Block 1, and Lots 4, 5 and 6, Block 4, ALTOS DEL MAR NO. 6, according to the map or plat thereof, as recorded in Plat Book 8, Page 106, of the Public Records of Miami-Dade County, Florida. **("Real Property")**.

The Debtor's personal property subject to BankFirst's Liens constitutes all property of the Debtor related in some way to the operation, development or ownership of the Real Property and/or property that is, or may be, affixed to the Real Property, and all property in which the Debtor had an interest as of the Petition Date, including the proceeds thereof **("Collateral")**.

---

[1] On July 22, 2008, this Court entered an Order (C.P. 148) approving the U.S. Trustee's appointment of Soneet R. Kapila as Chapter 11 Trustee of the Debtor's bankruptcy estate, and Trustee Kapila was therefore substituted for the Debtor as the proper party Defendant in this Adversary Proceeding pursuant to Rule 2012, Fed. R. Bankr.P.

Case No.08-11761-RAM
Adv. No. 08-01213-RAM

The Defendants, the Debtor, the Tax Collector and Florida Demolition each filed an Answer to the Complaint (C.P. #6, #7 and #8, respectively).[2]  Florida Demolition's Answer also included a Crossclaim against the Debtor.

The Tax Collector asserts 2007 and 2008 tax liens pursuant to § 197.122, FLA. STAT. against the Debtor's Real Property, identified by Tax Folios 14-2235-007-0020 and 14-2235-007-0450, and certain limited personal property, identified by Tax Folio 40-209279, that was located at the Debtor's sales center and administered by Debtor's estate[3] (**"Personal Property"**).  Florida Demolition asserts a secured lien, pursuant to its Claim of Lien filed on November 9, 2007 in Official Records Book 26041, Page 0379 of the Public Records of Miami-Dade County, Florida, upon only the Debtor's Real Property.  Florida Demolition does not seek any lien upon the Debtor's Personal Property or Collateral.

On May 29, 2008, the Court conducted a Pretrial Conference (**"May 29th Pretrial"**) and pursuant to the parties' stipulation entered an *Order (1) Resetting Pretrial Conference, and (2) Setting Deadline to File Proposed Pretrial Order*, dated June 3, 2008 (**"June 3rd Order"**) [DE #24].  On October 2, 2008, the Court conducted a further pretrial conference (**"October 2nd Pretrial"**) in this Adversary Proceeding.  At the October 2nd Pretrial, the parties announced that they

---

[2] On May 2, 2008, the Clerk of the Court entered Defaults (CP #17, #18 and #19) against Defendants, Prodigy, Gryphon and Storetech, for failure to appear, plead, or otherwise defend in this Adversary Proceeding.

[3] Tax Collector also asserts a general unsecured claim as to 2007 personal property taxes against personal property identified by Tax Folio 40-147263.  Said property, which is not the subject of this Adversary Proceeding, was located at Debtor's hotel, which was demolished in the Fall of 2007.

Case No.08-11761-RAM<br>Adv. No. 08-01213-RAM

had agreed to amicably resolve the contested issues raised in the Complaint, Crossclaim, Defendants' Answers and Affirmative Defenses, and all other remaining issues in the Adversary Proceeding and requested the entry of a final judgment incorporating the terms of their agreement.

The Court has considered the Complaint, Crossclaim, Answers filed by the Tax Collector, Debtor and Florida Demolition, the parties' agreement, and the record in this Adversary Proceeding. The Court also takes judicial notice of the record in the Debtor's main case. Based on the foregoing, and for the reasons stated on the record at the May 29th and October 2nd Pretrials, which are incorporated herein by reference, it is –

**ORDERED** that Final Judgment is entered in favor of BANKFIRST on the Complaint as follows:

1. As of the Petition Date, the MIAMI-DADE COUNTY TAX COLLECTOR, whose address is c/o Melinda S. Thornton, Esq., Assistant County Attorney, Stephen P. Clark Center, 111 N.W. First Street, Suite 2810, Miami, Florida 33128, holds valid secured, properly perfected, and non-avoidable liens on the Real Property in the gross amount of $447,047.38, plus statutory interest, for delinquent 2007 real estate taxes and in the gross amount of $273,010.05 for 2008 real estate taxes (**"Tax Collector's Real Property Secured Claim"**)[4/]. The Tax Collector's Real Property Secured Claim constitutes a first-priority lien on the Real Property.

---

[4/]The 2008 Real Property taxes became a lien on the Real Property on January 2008. The statement for the payment of those taxes will be issued in November 2008, and the payment of such taxes will not become delinquent until April 1, 2009.

2.	As of the Petition Date, BANKFIRST, whose address is c/o Joel R. Fischer, 225 South Sixth Street, Suite 2900, Minneapolis, Minnesota 55402, holds a valid secured, properly perfected, and non-avoidable lien on the Real Property in the amount of no less than $40,524,963.81 (**"BankFirst's Secured Claim"**), representing the principal amount of $39,480,218.56, plus interest at the contract rate through the Petition Date in the amount of $1,044,745.25.  BankFirst's Secured Claim constitutes a second-priority lien on the Real Property, junior only to the Tax Collector's Real Property Secured Claim.

3.	As of the Petition Date, FLORIDA DEMOLITION, INC., whose address is c/o Robert Ader, Esq., 100 S.E. Second Street, Suite 3550, Miami, Florida 33131, holds a valid secured, properly perfected, and non-avoidable lien on the Real Property in the amount of $187,773.08 (**"Florida Demolition's Secured Claim"**), representing the principal amount of $182,387.00, plus $5,386.08 for Florida statutory prejudgment interest through the Petition Date.  Florida Demolition's Secured Claim constitutes a lien only on the Real Property and is inferior to the Tax Collector's Real Property Secured Claim and to BankFirst's Secured Claim.

4.	As of the Petition Date, the MIAMI-DADE COUNTY TAX COLLECTOR, whose address is c/o Melinda S. Thornton, Esq., Assistant County Attorney, Stephen P. Clark Center, 111 N.W. First Street, Suite 2810, Miami, Florida 33128, also holds a valid secured, properly perfected, and non-avoidable lien on the Personal Property, identified by Tax Folio 40-209279, in the amount of $1,048.00 (**"Tax Collector's Personal Property Secured Claim"**) for 2008 Personal Property

taxes.[5/] The Tax Collector's Personal Property Secured Claim constitutes a first-priority lien on only the Personal Property.

5. As of the Petition Date, BankFirst's Secured Claim constitutes a valid secured, properly perfected, and non-avoidable second-priority lien on the Personal Property and first-priority lien on the Collateral.

6. BankFirst's Secured Claim is without prejudice to its rights to add to its Secured Claim both pre-petition and post-petition (a) default interest, (b) attorneys' fees, (c) late fees, and (d) other applicable fees and costs **(collectively, "Claims")**. If BankFirst chooses to seek such additional Claims, it shall file a motion in the Debtor's main case, and the Court will consider such motion upon proper notice and hearing. To the extent BankFirst is owed a deficiency under its Secured Claim, it shall be allowed to file an unsecured claim for such deficiency.

7. This Final Judgment and the liens granted herein are enforceable against the proceeds from any sale of the Debtor's Real Property, Personal Property, and Collateral in the order of priority granted herein.

8. This Final Judgment is without prejudice to the Trustee's reservation of all rights to surcharge with respect to the Real Property, Personal Property, Collateral and their proceeds in accordance with 11 U.S.C. § 506(c).

---

[5/]The 2008 Personal Property taxes became a lien on the Personal Property on January 2008. The statement for payment of those taxes will be issued in November 2008, and the payment will not become delinquent until April 1, 2009.

Case No.08-11761-RAM<br>
Adv. No. 08-01213-RAM

      9.     Each party shall bear its own attorneys' fees and costs incurred in connection with this Adversary Proceeding.

      10.    Subject to BankFirst's right to seek additional Claims in the Debtor's main case as set forth in paragraph 6 above and the Trustee's surcharge rights set forth in paragraph 8 above, this Agreed Final Judgment conclusively adjudicates all claims brought in the Adversary Proceeding, including claims in the Complaint and Crossclaim, within the meaning of Rule 7054, Fed. R. Bankr. P.

      11.    The Court reserves jurisdiction over this matter to interpret and enforce the provisions of this Agreed Final Judgment.

# # #

**Submitted by and Copy furnished to:**

HAROLD D. MOOREFIELD, JR., ESQ.
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
Counsel for BankFirst
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone:    (305) 789-3200
Facsimile:     (305) 789-3395

(Attorney Moorefield is directed to serve copies of this Agreed Final Judgment
on all other interested parties and to file a Certificate of Service.)

G:\W-BANK\38601\0001\Drafts\Adversary Drafts\Final Judgment- FINAL.wpd